FILED IN CHAMBERS
U.S.D.C. Atlanta

JUL 24 2012

JAMES N. HATTEN, Clerk
By: PMW

ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | NO. 1:12-CR-205-ODE |
| WOODROW RUDOLPH DIXON, JR., | : | |
|    a/k/a "Dro," | : | |
| KIRK L. FLOYD, | : | |
|    a/k/a "Twin," and | : | |
| CORNELIUS BERNARD WILSON, | : | |
|    a/k/a "Dog-man" | : | SUPERSEDING |

## COUNT ONE

Beginning on or about May 22, 2012, and continuing until on or about June 21, 2012, in the Northern District of Georgia, the defendants, WOODROW RUDOLPH DIXON, JR., also known as "Dro," KIRK L. FLOYD, also known as "Twin," and CORNELIUS BERNARD WILSON, also known as "Dog-man," did unlawfully and willfully conspire to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants did conspire with each other, and with Co-defendant KRISDEON DEWAYNE SLACK, who is not charged in this Superseding Indictment, to take and obtain cocaine, a Schedule II controlled substance, from the presence of an individual who they believed to be engaged in an

activity affecting interstate commerce, that is, narcotics trafficking, against the will of that individual, by means of actual and threatened force, violence, and fear of injury to the individual.

## MANNER AND MEANS OF THE CONSPIRACY

1. As a part of the conspiracy, the defendants, WOODROW RUDOLPH DIXON, JR., also known as "Dro," KIRK L. FLOYD, also known as "Twin," and CORNELIUS BERNARD WILSON, also known as "Dog-man," aided and abetted by Co-defendant KRISDEON DEWAYNE SLACK, planned to commit the armed robbery of an individual, "Tony," who the defendants believed was engaged in trafficking cocaine.

2. As a part of the conspiracy, the defendants, WOODROW RUDOLPH DIXON, JR., also known as "Dro," KIRK L. FLOYD, also known as "Twin," and CORNELIUS BERNARD WILSON, also known as "Dog-man," aided and abetted by Co-defendant KRISDEON DEWAYNE SLACK, planned to use firearms to commit the robbery.

3. As a part of the conspiracy, the defendants, WOODROW RUDOLPH DIXON, JR., also known as "Dro," KIRK L. FLOYD, also known as "Twin," and CORNELIUS BERNARD WILSON, also known as "Dog-man," aided and abetted by

Co-defendant KRISDEON DEWAYNE SLACK, obtained materials to use during the commission of the robbery of "Tony," including handcuffs, ski masks, a bulletproof vest, tee shirts labeled "Police," and a replica of a badge in a neck holder that bore the words, "Super Police."

4. As part of the conspiracy, on or about June 21, 2012, the defendants KIRK L. FLOYD, also known as "Twin," and CORNELIUS BERNARD WILSON, also known as "Dog-man," aided and abetted by Co-defendant KRISDEON DEWAYNE SLACK, and at the direction of Defendant WOODROW RUDOLPH DIXON, JR., also known as "Dro," traveled to a location, for the purpose of robbing the individual who they believed to be a cocaine trafficker, carrying a Glock .40 caliber handgun, a Ruger .44 Magnum revolver, and a short barrel Mossberg shotgun.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT TWO

1. COUNT ONE of this Superseding Indictment is re-alleged and incorporated by reference herein.

2. On or about June 21, 2012, in the Northern District of Georgia, the defendants, WOODROW RUDOLPH DIXON, JR., also known as "Dro," KIRK L. FLOYD, also known as "Twin," and CORNELIUS BERNARD WILSON, also known

3

as "Dog-man," aided and abetted by one another and by Co-defendant KRISDEON DEWAYNE SLACK, who is not charged in this Superseding Indictment, knowingly carried firearms, that is, one (1) Glock .40 caliber handgun, one (1) Ruger .44 Magnum revolver, and one (1) Mossberg shotgun, with a barrel length less than eighteen (18) inches, during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United States, that is, Conspiracy to Commit Hobbs Act Robbery as alleged in Count One of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), Section 924(c)(1)(B)(i), and Section 2.

## COUNT THREE

Beginning on or about May 22, 2012, and continuing until on or about June 21, 2012, in the Northern District of Georgia, the defendants, WOODROW RUDOLPH DIXON, JR., also known as "Dro," KIRK L. FLOYD, also known as "Twin," and CORNELIUS BERNARD WILSON, also known as "Dog-man," did knowingly combine, conspire, confederate, agree and have a tacit understanding with each other, and with Co-defendant KRISDEON DEWAYNE SLACK, who is not charged in this Superseding Indictment, to knowingly and intentionally possess with the intent to distribute at least five kilograms or more of a mixture and substance containing

cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Section 841(b)(1)(A)(ii); all in violation of Title 21, United States Code, Section 846.

## COUNT FOUR

1. COUNT ONE of this Superseding Indictment is re-alleged and incorporated by reference herein.

2. On or about June 21, 2012, in the Northern District of Georgia, Defendant KIRK L. FLOYD, also known as "Twin," aided and abetted by Defendants WOODROW RUDOLPH DIXON, JR., also known as "Dro," and CORNELIUS BERNARD WILSON, also known as "Dog-man," and by Co-defendant KRISDEON DEWAYNE SLACK, who is not charged in this Superseding Indictment, and having been convicted of the felony offenses of Burglary and Theft by Taking, on or about January 17, 2008, in the Superior Court of Cobb County, Georgia, that is, crimes punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting commerce, that is, one (1) Glock .40 caliber handgun, one (1) Ruger .44 Magnum revolver, and one (1) Mossberg shotgun, with a barrel length less than eighteen (18) inches; all in violation of Title 18, United States Code, Section 922(g)(1) and Section 2.

5

## COUNT FIVE

1. COUNT ONE of this Superseding Indictment is re-alleged and incorporated by reference herein.

2. On or about June 21, 2012, in the Northern District of Georgia, Defendant CORNELIUS BERNARD WILSON, also known as "Dog-man," aided and abetted by Defendants WOODROW RUDOLPH DIXON, JR., also known as "Dro," and KIRK L. FLOYD, also known as "Twin," and by Co-defendant KRISDEON DEWAYNE SLACK, who is not charged in this Superseding Indictment, and having been convicted of the felony offenses of Possession with Intent to Distribute Cocaine and Theft by Taking, on or about August 24, 2006, in the Superior Court of Rockdale County, Georgia, that is, crimes punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting commerce, that is, one (1) Glock .40 caliber handgun, one (1) Ruger .44 Magnum revolver, and one (1) Mossberg shotgun, with a barrel length less than eighteen (18) inches; all in violation of Title 18, United States Code, Section 922(g)(1) and Section 2.

## FORFEITURE PROVISION

Upon conviction of any of the offenses alleged in Counts One, Two, Four or Five of this Superseding Indictment, the defendants, WOODROW RUDOLPH

DIXON, JR., also known as "Dro," KIRK L. FLOYD, also known as "Twin," and CORNELIUS BERNARD WILSON, also known as "Dog-man," shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of these offenses, including but not limited to the following:

(a) a Glock .40 caliber handgun, SN: GTB430;

(b) 9 rounds of Winchester-Western .40 caliber ammunition;

(c) a Ruger Redhawk .44 caliber revolver, SN: 500-43587;

(d) 6 rounds of Remington .44 caliber ammunition;

(e) a Mossberg 500A shotgun, SN: J719801;

(f) 5 rounds of Remington 12 gauge ammunition;

(g) a Taurus PT24/7 Pro C DS .40 caliber pistol, SN: SBS63577; and

(h) 14 rounds of PMC .40 caliber ammunition.

Upon conviction of the controlled substance offense alleged in Count Three of this Superseding Indictment, the defendants shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and all property used or intended to be used, in any manner or part, to commit, or to facilitate

7

the commission of the said violations, including, but not limited to, the following:

    (a)    a Glock .40 caliber handgun, SN: GTB430;

    (b)    9 rounds of Winchester-Western .40 caliber ammunition;

    (c)    a Ruger Redhawk .44 caliber revolver, SN: 500-43587;

    (d)    6 rounds of Remington .44 caliber ammunition;

    (e)    a Mossberg 500A shotgun, SN: J719801;

    (f)    5 rounds of Remington 12 gauge ammunition;

    (g)    a Taurus PT24/7 Pro C DS .40 caliber pistol, SN: SBS63577; and

    (h)    14 rounds of PMC .40 caliber ammunition.

A_____true_____ BILL

_____
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

RICHARD S. MOULTRIE, JR.
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA 30303
(404)581-6280
Georgia Bar No. 527275